**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08126-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Lee Bighorse Reed, | |
| Defendant. | |

Before the Court is Defendant Lee Bighorse Reed's ("Defendant") letter requesting a reduction in sentence, which the court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 78.) For the reasons stated below, the Motion is denied.

## BACKGROUND

On November 23, 2015, Defendant pled guilty to Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153, 113(a)(6) and 2. (Doc. 64 at 1.) He was sentenced to 84 months in prison followed by three years of supervised release. (Doc. 65.) Defendant is presently in federal custody with a projected release date of October 7, 2021. (Doc. 78.) He filed the instant motion for compassionate release on December 14, 2020. *Id.*

**DISCUSSION**

**I.     Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-CR-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the Commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A)

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)).

(providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment). The Commission also specified that family circumstances may warrant compassionate release where a defendant is the only potential source of necessary care, citing the "death or incapacitation of the caregiver of the defendant's minor child" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, application note 1(C).

## II. Analysis

Defendant seeks release so that he may spend time with his family during the COVID-19 pandemic. However, he articulates no circumstances demonstrating his family has an extraordinary and compelling need for his care. The fact that two of his family members have contracted COVID-19 does not demonstrate that they are unable to provide care for themselves absent Defendant's aid. Moreover, Defendant has articulated no medical basis for his requested release, and Courts have found that the mere existence of COVID-19 does not justify compassionate release. *See United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (internal citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020). The Court thus finds that Defendant has not established extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c).

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not demonstrated an extraordinary or compelling reason for his release.

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 78) is **DENIED.**

Dated this 27th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge